FILED'10 MAY 17 14:24USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

CHRISTOPHER MICHAEL GONZALES-
AGUILERA

        Petitioner,        Civil No. 09-1174-SU

        v.        FINDINGS AND
                RECOMMENDATION
BRIAN BELLEQUE,

        Respondent.

SULLIVAN, Magistrate Judge.

    Petitioner filed a petition under 28 U.S.C. § 2254, challenging his placement in the Intensive Management United of the Oregon State Penitentiary for chronic high severity misconduct including staff assault. Respondent now moves to

1 - FINDINGS AND RECOMMENDATION

dismiss without prejudice on the ground that petitioner has not exhausted available state remedies with respect to his claims. Motion to Dismiss (#9). Petitioner has not filed a response to respondent's motion.

The record reflects that petitioner filed multiple grievances related to the matters alleged in his petition, but the issues presented were not grievable. In response, petitioner was given instructions on how to pursue a request for administrative review of his placement in IMU. Exhibit 103. However, petitioner has not sought administrative review.

Petitioner filed a petition for writ of habeas corpus in *Gonzales-Aguilera v. Belleque*, 09C15774, challenging his placement in IMU as a violation of due process. Exhibit 108. The petition was dismissed by the Marion County Circuit Court. Exhibit 105, 106. Petitioner filed an appeal that is currently pending. Exhibits 107, 109.

To proceed with a federal habeas corpus petition, 28 U.S.C. § 2254(b)(1) requires petitioners to "exhaust" state remedies on all claims alleged in the petition, unless it

2 - FINDINGS AND RECOMMENDATION

appears there is an absence of state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. Generally, this exhaustion requirement is satisfied if a petitioner "fairly present" their federal claims to the appropriate state court, thereby "afford[ing] the state courts meaningful opportunity to consider [the] allegations of legal error."  Vasquez v. Hillary, 474 U.S. 254, 257 (1986) (quoting Picard v. Conner, 404 U.S. 270, 275-76 (1971). The exhaustion requirement's purpose is "to give the State the 'opportunity to pass upon and correct' alleged violations of it's prisoner's federal rights ..." Duncan v. Henry, 513 U.S. 364, 365 (1995).

The touchstone of the exhaustion requirement is that no state remedies are available when the § 2254 petition is filed. Rose v. Lundy 455 U.S. 509 (1982). If any of a petitioner's claims are not exhausted at the time his federal habeas corpus petition is filed, district courts should dismiss the petition. In Coleman v. Thompson, 501 U.S. 722 (1993); see also, James v. Borg, 24 F.3d 20, 24 (9th Cir),

3 - FINDINGS AND RECOMMENDATION

cert. denied, 115 S.Ct. 333 (1994)("In general, a habeas petition should be dismissed if a petitioner has failed to exhaust state remedies as to even one claim").

The appropriate time to determine whether claims are exhausted is the date the petitioner files his federal habeas corpus petition. "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." Brown v. Maass, 11 F.3d 914, 915 (9th Cir. 1993). (citing White v. Lewis, 874 F.2d 599, 602 (9th Cir. 1989); Mathis v. Oshiro, 683 F.2d 318, 321 (1981)).

In this case the un-controverted record before the court establishes that petitioner's appeal in his state habeas proceeding was pending when he filed his petition in this proceeding.  Thus, petitioner failed to exhaust available state remedies with respect to his claims. Respondent's Motion to Dismiss without Prejudice should be allowed.  Petitioner's Petition (#2) should be denied without prejudice.  This

4 - FINDINGS AND RECOMMENDATION

proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right.  <u>See</u>, 28*

*U.S.C. § 2253(c)(2). This cause is not appropriate for appellate review.*

DATED this 13th day of May, 2010.

*Patricia Sullivan*
Patricia Sullivan
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION